**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN ZHU, | No. 12-72206 |
| Petitioner, | Agency No. A088-292-974 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Bin Zhu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, Zhu's request for oral argument is denied.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Zhu's admitted lies under oath about his sisters, internally inconsistent testimony regarding notarial documents he submitted, and inconsistencies between his testimony and documentary evidence regarding his fine. *See id.* at 1048 (agency's adverse credibility finding reasonable under the totality of circumstances); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (lies to U.S. officials and judges are "generally sufficient to support an adverse credibility determination"). Zhu's explanations did not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Zhu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhu's CAT claim is based on the same testimony the BIA found not credible, and Zhu does not point to any evidence that otherwise compels the conclusion that it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See Shrestha*, 590 F.3d at 1048-49.

12-72206

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**